IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-249-D
No. 5:11-CV-88-D

| | | |
|---|---|---|
| BRIAN JAMES BRONSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Brian James Bronson ("petitioner" or "Bronson") filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. 46]. On April 29, 2011, the government moved to dismiss [D.E. 53]. As explained below, the court grants the government's motion to dismiss [D.E. 53] and dismisses Bronson's motion to vacate [D.E. 46].

Bronson pleaded guilty to distributing 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and the court sentenced him to 262 months' imprisonment. Bronson is a career offender and his sentence was at the low end of his advisory Guideline range of 262 to 327 months. Bronson appealed and, on February 27, 2008, the United States Court of Appeals for the Fourth Circuit affirmed the court's judgment. United States v. Bronson, 267 F. App'x 272 (4th Cir. 2008) (per curiam) (unpublished).

On February 25, 2011, Bronson filed a motion to vacate under 28 U.S.C. § 2255. In support, Bronson cites Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and claims that this court erroneously classified him as a career offender and that the Fourth Circuit erroneously affirmed. The government moves to dismiss the petition and cites the Wiggins[1] waiver contained in Bronson's

---

[1] United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

plea agreement. The waiver states that Bronson agrees:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing and further to waiver all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Plea Agreement ¶ 2c. Here, Bronson is attacking an issue "that relate[s] to the establishment of the advisory Guideline range," to wit, his status as a career offender. Thus, if the Wiggins waiver is enforceable, Bronson's section 2255 petition is doomed.

At Bronson's Rule 11 hearing, this court "fully complied with the requirements of Rule 11" of the Federal Rules of Criminal Procedure. Bronson, 267 F. App'x at 273. As part of the Rule 11 hearing, this court read the Wiggins waiver to Bronson, and he stated that he understood the rights which he was waiving. See Arraignment Hr'g Tr. 19–20 (Dec. 18, 2006). Accordingly, the Wiggins waiver is enforceable. Therefore, the court grants the government's motion to dismiss and dismisses the motion to vacate. See, e.g., United States v. Riley, 322 F. App'x 296, 297 (4th Cir. 2009) (per curiam) (unpublished); United States v. Morgan, 284 F. App'x 79, 87 (4th Cir. 2008) (per curiam) (unpublished); United States v. Lemaster, 403 F.3d 216, 223 (4th Cir. 2005).

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Bronson is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether Bronson is entitled to a certificate of appealability with respect to the issues presented in this petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). When a court dismisses a petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of Bronson's petition as debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

In sum, the court GRANTS the government's motion to dismiss [D.E. 53], DISMISSES the motion to vacate [D.E. 46], and DENIES a certificate of appealability.

SO ORDERED. This 15 day of June 2011.

JAMES C. DEVER III
United States District Judge