IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-249-D
No. 5:12-CV-467-D

| | |
|---|---|
| BRIAN JAMES BRONSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 18, 2006, pursuant to a plea agreement [D.E. 17], Brian James Bronson ("Bronson") pleaded guilty to knowingly and intentionally distributing 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). See [D.E. 16]. On April 26, 2007, this court sentenced Bronson to 262 months' imprisonment. See [D.E. 25, 27, 33]. On February 27, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Bronson's conviction and sentence. See United States v. Bronson, 267 F. App'x 272, 273–75 (4th Cir. 2008) (per curiam) (unpublished).

On February 25, 2011, Bronson filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 46]. On June 15, 2011, this court enforced the waiver in Bronson's plea agreement, [D.E. 17] ¶ 2(c), and dismissed Bronson's first motion under 28 U.S.C. § 2255. See [D.E. 57]. On November 23, 2011, the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. See United States v. Bronson, 455 F. App'x 374 (4th Cir. 2011) (per curiam) (unpublished).

On May 31, 2013, this court dismissed Bronson's second motion under 28 U.S.C. § 2255 as untimely and as barred by the waiver in his plea agreement. See [D.E. 78]. On July 30, 2013, the

court denied Bronson's motion for reconsideration. See [D.E. 84]. On December 19, 2013, the Fourth Circuit declined to issue a certificate of appealability and dismissed Bronson's appeal. See United States v. Bronson, 548 F. App'x 99 (4th Cir. 2013) (per curiam) (unpublished).

On May 27, 2014, Bronson filed yet another baseless motion for reconsideration [D.E. 89], which the court dismissed for lack of jurisdiction on May 28, 2014. See [D.E. 90]; United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003). On June 9, 2014, Bronson filed yet another baseless motion for reconsideration. See [D.E. 91].

Bronson has not received authorization from the Fourth Circuit for another motion under 28 U.S.C. § 2255. Although Bronson couches his motion as one under Rule 59 of the Federal Rules of Civil Procedure, Bronson cannot use Rule 59 to avoid the legal effect of 28 U.S.C. § 2244(b)(3)(A). See Winestock, 340 F.3d at 206–07. Thus, the court lacks jurisdiction to consider Bronson's latest motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); Winestock, 340 F.3d at 206–07; In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). Accordingly, the court dismisses the motion for reconsideration, and denies a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). Alternatively, even if the court has jurisdiction and considers the merits under Rule 59(e) of the Federal Rules of Civil Procedure, the court denies the motion for reconsideration under the governing standard. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac.

Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Finally, Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), does not change this result. On July 10, 2014, the Fourth Circuit granted rehearing en banc in Whiteside. See Whiteside v. United States, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014). Accordingly, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). Furthermore, even if Whiteside had not been vacated, this court repeatedly has told Bronson that the waiver in his plea agreement bars his claims concerning the calculation of his advisory guideline range and that conclusion remains correct whether or not Whiteside survives en banc review. See, e.g., United States v. Copeland, 707 F.3d 522, 529–30 (4th Cir. 2013).

In sum, the court DISMISSES Bronson's latest motion for reconsideration [D.E. 91] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 12 day of August 2014.

JAMES C. DEVER III
Chief United States District Judge